UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MENOH MBIPERWOH ERNEST**                          CIVIL ACTION NO. 20-0775

                                                                              SECTION P

**VS.**

                                                                              JUDGE TERRY A. DOUGHTY

**DEPARTMENT OF HOMELAND**                          MAG. JUDGE KAREN L. HAYES
**SECURITY IMMIGRATION**
**AND CUSTOM ENFORCEMENT**

**MEMORANDUM ORDER**

Petitioner Menoh Mbiperwoh Ernest, a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is detained at Richwood Correctional Center ("RCC"). He seeks release from confinement, claiming (1) "overstay in detention"; (2) he suffers from depression, he had a seizure, and he is a "high blood patient"; and (3) he contracted a virus, Covid-19, and he is vulnerable to its effects due to his health conditions.

**Background**

Petitioner is classified as an "arriving alien, pending removal." [doc. # 4, p. 1]. He was taken into immigration custody on October 12, 2019. *Id.* at 4.

On December 11, 2019, an immigration judge found that Petitioner was "subject to the third-country-transit asylum eligibility bar, 8 C.F.R. § 1208.13(c)(4), as an alien who entered, attempted to enter, or arrived in the United States across the southern land border of the United States on or after July 16, 2019, who did not apply for protection from persecution or torture in at least one country outside the alien's country of citizenship, nationality, or last lawful habitual

residence en route to the United States, and who is not a 'victim of a severe form of trafficking' as defined by 8 C.F.R. § 214.11." [doc. # 1-2, p. 2]. The judge then found: "The Applicant [] has not established a significant possibility that the alien could establish eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. 8 C.F.F. §§1003.42(d)(1), 1208.30(g)(2)(iv)(A)-(C)." *Id.* Finally, the judge affirmed the "decision of the DHS immigration officer" and returned the case "to the DHS for removal of the alien." *Id.*

Petitioner filed this proceeding on approximately June 18, 2020. [doc. # 1]. Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), he first claims:

> Overstay in detention. After my removal order was made, my deportation officer had 90 days to effect my renewal [sic] if my removal was not possible he had the right to review my custody for possible release. This was not done and I have been detained for over 180 days now.

[doc. # 4, p. 6]. He next claims:

> I merit to be released due to my medical condition. My medical or health status is not appropriate for me to continue detention. I have once had seizure due to depression. Also, I was tested positive for Covid-19 and I suddenly became a high blood patient too. [sic].

*Id.* Finally, Petitioner seeks release under an "April 20, 2020 lawsuit approved by a federal court[,]" maintaining that the court ordered "ICE . . . to release immigrants or detainees who are vulnerable to Covid-19 due to their health conditions . . . ." *Id.*

Petitioner asks the Court to "urge DHS-ICE to release [him] immediately . . . ." *Id.*

## Order

To resolve this matter:

**THE CLERK OF COURT IS DIRECTED** to serve a summons, a copy of the Petition, [doc. # 4], and a copy of this Memorandum Order by certified mail on:

(1) the United States Attorney for the Western District of Louisiana;

2

    (2) the United States Attorney General;

    (3) DHS/ICE through its Director; and

    (4) the Warden of Richwood Correctional Center.

**IT IS ORDERED** that Respondents answer the Petition within 21 **days** following the date of service. In the answer, Respondents shall include summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any relevant administrative decisions, and all documents relevant to the efforts made by officials to obtain travel documents for Petitioner. Respondents shall also file a memorandum of law, briefing the issues and citing applicable law.

**IT IS FURTHER ORDERED** that Petitioner shall have **30 days** following the filing of Respondents' answer to produce contradictory summary judgment evidence[1] concerning the lawfulness of his detention.

All documentary exhibits must have properly numbered pages. Respondents shall also include an index describing each item attached to the answer and showing each item's page number.

---

[1] Summary judgment evidence includes affidavits or unsworn declarations made under 28 U.S.C. § 1746, deposition testimony, answers to interrogatories, admissions, and sworn or certified copies of all papers referred to. All affidavits or unsworn declarations must comply with Rule 56(e). They shall be made on personal knowledge and set forth such facts as would be admissible in evidence, and they shall show affirmatively that the affiant is competent to testify to the matters stated therein.

**IT IS FURTHER ORDERED** that, as a condition of their acceptance by the Clerk of Court, all future filings by Petitioner and Respondents shall include a certificate stating that copies of the filings have been mailed to all other parties.

When the record is complete, the Court will determine if any genuine disputes of material fact necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

In Chambers, Monroe, Louisiana, this 7th day of July, 2020.

                                            KAREN L. HAYES
                                            UNITED STATES MAGISTRATE JUDGE