## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| **MENOH MBIPERWOH ERNEST** | **CIVIL ACTION NO. 20-0775** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **U.S. DEPT. OF HOMELAND SECURITY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### ORDER SETTING EVIDENTIARY HEARING

Petitioner Menoh Mbiperwoh Ernest, a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is detained at Richwood Correctional Center ("RCC"). He seeks release from confinement, claiming (1) "overstay in detention"; (2) he suffers from depression, he had a seizure, and he is a "high blood patient"; and (3) he contracted a virus, Covid-19, and he is vulnerable to its effects due to his health conditions.

Following a review of the parties' filings, both questions of fact and genuine disputes of material fact remain.

Accordingly, IT IS ORDERED that an evidentiary hearing will be held in this action before Magistrate Judge Karen L. Hayes on **December 1, 2020,** at **10:00 a.m.**, by Zoom video teleconference. The hearing will be a complete hearing of all witnesses and evidence to be presented by all parties concerning Petitioner's "overstay in detention" claim. Following this hearing, the undersigned will make findings of fact, including credibility determinations, and issue a report and recommendation to the district judge.

IT IS FURTHER ORDERED that Attorney Shelley Goff, through the Office of the Federal Public Defender for the Western District of Louisiana, is appointed to represent Petitioner at the hearing under to Rule 8(c) of the Federal Habeas Corpus Rules and 18 U.S.C. § 3006A.

IT IS FURTHER ORDERED that, no later than **November 24, 2020**, each party shall file a pre-trial statement, identifying any issues of fact and law, witnesses to be called at the hearing, and exhibits to be introduced into evidence. Each exhibit listed in the memorandum shall be described sufficiently so that it can be identified as the listed item at the time of the hearing. Copies of all exhibits that are capable of being reproduced shall be provided by each party to his/her opponent no later than **November 17, 2020**. If the authenticity of any such exhibit is disputed, a list of the disputed exhibits, and the reason for the dispute, shall be included with the pre-trial statement. No exhibit or witness (except those used for impeachment purposes) shall be used at the hearing over objection unless listed in the pretrial memoranda, except for good cause shown. A party may call a witness listed by another party, but a party cannot rely on another party to have a particular witness at the hearing. Rule 45 of the Federal Rules of Civil Procedure must be followed with regard to the subpoenaing of witnesses or documentary evidence to the hearing.

IT IS FURTHER ORDERED that the Clerk of Court send copies of this Order to Petitioner, all counsel of record, and the Warden of Richwood Correctional Center.

In Chambers, Monroe, Louisiana, this 29th day of September, 2020.

Karen L. Hayes
United States Magistrate Judge